OPINION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Wood County Court of Common Pleas, Domestic Relations Division, which ordered appellant to pay child support arrearages accrued following his first of two divorces from appellee. For the reasons that follow, this court reverses the judgment of the trial court.
Appellant sets forth the following assignments of error:
"ASSIGNMENT OF ERROR NO. 1:
 "THE TRIAL COURT ERRED AND VIOLATED APPELLANT'S DUE PROCESS RIGHTS IN DETERMINING APPELLANT'S CHILD SUPPORT ARREARAGE WITHOUT PROVIDING APPELLANT A HEARING ON THE MATTER.
"ASSIGNMENT OF ERROR NO. 2:
 "THE TRIAL COURT ERRED IN ORDERING APPELLANT TO PAY A CHILD SUPPORT ARREARAGE ACCRUING FROM THE PARTIES' FIRST MARRIAGE AND DIVORCE."
The facts that are relevant to the issues raised on appeal are as follows. The parties were married in June 1981, and had one child, born in January 1982. They were divorced in February 1983, and appellant was ordered by the court to pay child support of $40 per week. On March 1, 1985, the parties remarried, thereby terminating appellant's child support obligation, which was $5,368.60 in arrears. On September 15, 1993, the parties again divorced and appellant was ordered to pay child support of $54 per week. On April 7, 1999, the trial court issued an "ORDER UPON NOTICE OF TERMINATION OF SUPPORT" in which it stated that the matter had come on for consideration upon the court's receipt of notice from the Child Support Enforcement Agency regarding termination of support for the parties' minor child. The trial court ordered that the support arrearage of $5,368.60 that resulted from the support obligation that had terminated March 1, 1995, upon the parties' remarriage be paid at the rate of $173.33 per month via the appropriate withholding until fully paid. It is from that order that appellant appeals.
We will address appellant's second assignment of error first. Appellant asserts that the termination of the second marriage by divorce prevents collection of the original arrearage because the second judgment entry of divorce determined the issues of custody and support anew without ordering payment of the arrearage. Appellant further asserts that the second judgment entry of divorce acts as a waiver of any claim for payment of the delinquent support.
Two Ohio appellate courts have addressed this issue under similar factual circumstances, finding that an obligor is not required to pay the original child support arrearages after the parties remarry and then divorce for a second time. InAnnarino v. Annarino (Jan. 17, 1991), Licking App. No. CA-3579, unreported, the Fifth District Court of Appeals reasoned that at the time of the second divorce, the obligee was possessed of a claim for delinquent child support accumulated after the first divorce but waived the claim by specific language contained in the separation agreement, as well as by her failure to assert the claim during the pendency of the second divorce. In Fout v. Fout
(Nov. 23, 1993), Franklin County App. No. 93AP-865, the Tenth District Court of Appeals held that the parties' remarriage operated as a matter of law to estop the obligee from collecting arrearages that accrued under a prior order, particularly where the obligee failed to raise the issue during the second divorce proceedings.
Upon consideration of the foregoing, this court finds that the issue of the collectibility of the original arrearages would have been a proper matter for the trial court to consider at the time of the termination of the second marriage. Appellee could have attempted to reinstate her right to collect the pre-second marriage arrearages by arguing for the inclusion of such a provision in the second divorce decree. Absent such a provision, however, we find that appellant's debt was extinguished and the trial court in this case erred by ordering appellant, after the second divorce had become final, to pay the arrearages that accumulated following the first divorce. Accordingly, appellant's second assignment of error is well-taken.
Upon consideration of our finding as to appellant's second assignment of error, appellant's first assignment of error is rendered moot.
On consideration whereof, this court finds that substantial justice was not done the party complaining and the judgment of the Wood County Court of Common Pleas, Domestic Relations Division, ordering appellant to pay the arrearages accrued between the time of the first divorce and the second marriage is reversed and the order is vacated. Court costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
 Peter M. Handwork, P.J., Richard W. Knepper, J.,Mark L. Pietrykowski, J., concur.